UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALANDRA SMITH,<br><br>    Plaintiff,<br>  v.<br>DEPARTMENT OF PUBLIC SOCIAL SERVICES,<br><br>    Defendant. | No. 2:23-cv-08756-JFW-AJR<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

  On October 17, 2023, Calandra Smith ("Plaintiff"), a California resident proceeding *pro se*, filed a "Complaint for a Civil Case," construed as a purported civil rights action ("Complaint"). (Dkt. 1 at 1.) The Complaint named only the Department of Public Social Services as a Defendant ("DPSS"). (Id. at 1, 3.) On October 27, 2023, the Court issued an order dismissing the Complaint with leave to amend. (Dkt. 5.) On November 22, 2023, Plaintiff filed the instant First Amended

Complaint ("FAC")[1] pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3).  (Dkt. 6.)  The FAC again names Defendant DPSS, and also adds the following Defendants: (1) Alfredo Gonzalez, District Director; (2) Lisa Green, Chief Clerk; and (3) Sandra Wilridge, Supervising Clerk, all sued in their individual capacities only (collectively "Defendants").  (Id. at 2, 5, 6.)

## II.
## SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

The time frame of the events alleged in the FAC is unclear and appears to be a typographical error.  Plaintiff alleges factual allegations from June 2002 to August 2002 and then jumps to August 2022 to September 2023.  (Dkt. 6 at 6-9.)  Notwithstanding, Plaintiff alleges that Defendants have subjected Plaintiff to harassment, defamation of character, and a hostile work environment.  (Id. at 2, 6.)  Plaintiff states that Gonzalez recklessly abused his authority as a District Director by singling Plaintiff out and subjecting Plaintiff to "different terms and conditions of employment."  (Id. at 6.)  At the behest of Gonzalez, Plaintiff contends that staff employees Green and Wilridge "unfairly and unjustly" either docked Plaintiff's pay or issued an absence-without-pay "even if [Plaintiff] was in the restroom."  (Id.)

On one occasion, Plaintiff alleges that Gonzalez and Green held a "mandatory unexpected meeting" in which they "threatened and advised" Plaintiff "to allow Gonzalez to continue violating [Plaintiff's] rights" or Plaintiff "will be sorry."  (Id. at 7.)  On another occasion, Plaintiff was written up by Gonzalez and Green for emailing Plaintiff's grievances to personnel outside the chain of command.  (Id.)  Plaintiff claims Gonzalez stated, "[t]here is nothing you can do[,] everything will come back to me."  Plaintiff alleges that Wilridge falsified Plaintiff's attendance

---

[1] Because the FAC and all subsequent attachments thereto do not bear consecutive page numbers, the Court uses the CM/ECF pagination.

record, which negatively affected her performance review.  (Id. at 8.)  Wilridge also allegedly falsified affidavits with "malicious character statements and embellishments" on an incident with a security guard.  (Id. at 9.)  Plaintiff contends that after the Equal Employment Opportunity Commission ("EEOC") closed Plaintiff's case, Gonzalez retaliated by placing Plaintiff on a 30-day suspension.  (Id.)  Both Gonzalez and Green stood by "laughing and mocking" at Plaintiff about the suspension.  (Id.)

The specific grounds for Plaintiff's claims are unclear.  The FAC appears to allege that Defendants are liable for violations of Plaintiff's rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3).  Plaintiff seeks "at least" $500,000 for mental anguish, defamation of character, and punitive damages.  (Id. at 6.)

## III.

## STANDARD FOR DISMISSAL OF PRO SE COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim *sua sponte* "where the claimant cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting the Ninth Circuit's position in Omar and noting that such a *sua sponte* dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources").  The Court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared.  See Abagnin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008); see also Reunion, Inc. v. F.A.A., 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim

3

for which relief can be granted pursuant to Rule 12(b)(6).").

Moreover, when a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, the court may not, however, supply essential elements of a claim that were not initially pled. Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992). A court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623 (citation and internal quotation omitted).

For the reasons discussed below, the Court DISMISSES the FAC with LEAVE TO AMEND.

## III.
## DISCUSSION

A.  **The FAC Violates Federal Rule Of Civil Procedure 8.**

Rule 8 of the Federal Rules of Civil Procedure governs how to plead claims in a complaint. Specifically, Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." Rule 8 may be violated not only when a pleading "says too little," but also "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original). A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Here, the FAC once again does not comply with the standards of Rule 8. There are no clear factual allegations setting forth the particular claims Plaintiff wishes to pursue, the facts supporting each individual claim, and the specific defendant(s) who are allegedly liable under each particular claim. Indeed, the FAC says "too little." For example, Plaintiff does not set forth any factual allegation concerning what specific defamatory statements were made and by whom, what "malicious" and "embellished" character statements were made by Wilridge, what "threats" were made by Gonzalez and Green, or what specific "reckless abuse of authority" did Gonzalez commit on Plaintiff. A complaint is subject to dismissal for failure to state a claim if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Cafasso, U.S. ex rel., 637 F.3d at 1059; see, eg., Steinley v. Health Net, Inc., 2018 WL 6985318, at *5 (C.D. Cal. Dec. 4, 2018) ("Generally, '[u]ndifferentiated pleading against multiple defendants is improper' because it fails to give each defendant notice of the specific allegations and claims that pertain to it.") (citation omitted); E.D.C. Tech., Inc. v. Seidel, 2016 WL 4549132, at *9 (N.D. Cal. Sept. 1, 2016) ("Courts consistently conclude that undifferentiated pleading against multiple defendants is improper") (citations, internal brackets and quotations omitted). Accordingly, as presented, Plaintiff's allegations in the FAC are so vague and conclusory as to leave uncertain the nature of Plaintiff's claims and should be dismiss with leave to amend.

Rule 8 provides a sufficient and independent ground for dismissing this action. McHenry, 84 F.3d at 1179 (Rule 8 "is a basis for dismissal independent of Rule 12(b)(6)"). However, as further discussed below, to the extent that any of Plaintiff's claims can be understood, they are substantively defective and are therefore subject to dismissal under Rule 12(b)(6) for failure to state a claim.

### B. **Plaintiff Fails To State A *Monell* Claim Against DPSS.**

As the Court previously advised Plaintiff, the capacity and identity in which Plaintiff sues Defendant DPSS is unclear. Regardless, the Court must construe Plaintiff's claims for damages for constitutional violations against DPSS as claims against the County of Los Angeles. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiff may not sue the County for alleged constitutional violations on a theory of *respondeat superior*, which is not a theory of liability cognizable under 42 U.S.C. sections 1981, 1983, or 1985. See Connick v. Thompson, 563 U.S. 51, 60 1359 (2011); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). This means that the County cannot be sued simply because employees of the County violated Plaintiff's constitutional rights. Instead, the County may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom, or usage. See Bd. of Cnty. Comm'r of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. N.Y. Cty. Dep't of Soc. Serv., 436 U.S. 658, 691 (1978) ("Monell"); see also Horton by Horton v. Cty. of Santa Monica, 915 F.3d 592, 603-04 (9th Cir. 2019) ("[M]unicipalites may be liable under § 1983 for constitutional injuries pursuant to . . . a pervasive practice or custom.").

Here, the FAC again contains no allegation supporting a municipal liability claim under Monell. See Iqbal, 556 U.S. at 678 (conclusory allegations do not suffice to plead a municipal liability claim); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (en banc) ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); see also AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (pleading standards set forth in Starr govern municipal liability claims). Accordingly, Plaintiff fails to state a valid Monell claim against DPSS, to wit, the County, and the FAC must be dismissed, with leave to amend.

### C. Plaintiff Fails to State A Claim Against Individual Defendants.

To establish a civil rights violation, a plaintiff must show either the defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged violation. See Starr, 652 F.3d at 1205-06.

Here, however, any claims against Defendants Gonzalez, Green, and Wilridge must be dismissed because the FAC fails to state what each of these defendants separately did in their individual capacity to violate Plaintiff's rights. Plaintiff makes general conclusory allegations that Gonzalez, Green, and Wilridge, in various combinations, targeted and harassed Plaintiff, docked Plaintiff's pay, placed Plaintiff on a 30-day suspension, and falsified Plaintiff's personnel records. Nothing from these vague allegations or in the FAC suggests that Plaintiff's constitutional rights were violated. To state a cognizable section 1983 claim, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Thus, Plaintiff is advised that if she wants to state a claim against Gonzalez, Green, or Wilridge in their individual capacities, she must allege specific facts showing their personal involvement in the alleged wrongful conduct.

### D. Plaintiff Fails to Allege Adequately a Section 1985(3) Claim.

While the scope of the claim is vague and unclear, Plaintiff appears to allege that Defendants conspired to interfere with her civil right to equal protection, citing 42 U.S.C. § 1985(3). (Dkt. 6 at 4.)

Section 1985 "is derived from the thirteenth amendment and covers all deprivations of equal protection of the laws and equal privileges and immunities under the laws, regardless of its source." Gillespie v. Civiletti, 629 F.2d 637, 641

(9th Cir. 1980).  Paragraph three of the statute, the only subsection that could even be remotely relevant here, prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws."  42 U.S.C. § 1985(3).  To recover under § 1985(3), a plaintiff must demonstrate "(1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States."  Gillespie, 629 F.2d at 641 (citing Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971)).

A § 1985(3) claim "must allege facts to support the allegation that defendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient."  Karim-Panahi, 839 F.2d at 626.  Furthermore, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Griffin, 403 U.S. at 102; see also RK Ventures, Inc. v. Cty. of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002) (plaintiffs under § 1985(3) must show "that they are members of a class that the government has determined 'requires and warrant[s] special federal assistance in protecting their civil rights.'") (quoting Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992)).  The plaintiff must show that "each participant [in the conspiracy] . . . at least share[s] the common objective of the conspiracy."  United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989).

Here, the FAC does not allege any fact showing that Defendants conspired with one another for the purpose of depriving Plaintiff equal protection of the laws based on her membership in any protected class.  Plaintiff does not identify the protected class to which she belongs or show that Defendants would have acted differently if Plaintiff was not a member of that protected class.  The FAC does not even identify what, exactly, the goal of Defendants' purported conspiracy was.

Conclusory allegations of a "conspiracy," without more, simply do not state a claim under § 1985(3).  Accordingly, Plaintiff fails to state adequately a § 1985(3) claim against Defendants, and the FAC is be dismissed, with leave to amend.

### E. Plaintiff Fails to Allege Adequately a § 1981 Claim.

Again, while the scope of the claim is nearly silent, Plaintiff appears to allege that Defendants violated her civil rights under 42 U.S.C. § 1981.  (Dkt. 6 at 4.)

42 U.S.C. § 1981(a) guarantees, among other things, "[a]ll persons . . . the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." To prevail on a § 1981 claim, a plaintiff must initially plead and ultimately prove that, but for race, plaintiff would not have suffered the loss of a legally protected right.  Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1019, (2020).  Here, Plaintiff has not alleged that, but for her race, she would not have suffered mental anguish, defamation of character, and economic loss.  Thus, she has not sufficiently alleged *but for* causation to state a § 1981 claim.

### F. Plaintiff Fails to Allege Adequately an Intentional Infliction of Emotional Distress Claim.

To the extent Plaintiff alleges a state law tort claim for "mental anguish" and intentional infliction of emotional distress ("IIED") against Defendants, any such claim is insufficient.

"'The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . . Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.'"  Miller v. Fortune

Com. Corp., 15 Cal. App. 5th 214, 228-29 (2017) (quoting Wilson v. Hynek, 207 Cal. App. 4th 999, 1009 (2012) (internal citations omitted)). "The defendant must have engaged in conduct intended to inflict injury or engaged in with the realization that injury will result." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993) (internal quotation marks and citation omitted; emphasis added). "Severe emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1246 (9th Cir. 2013) (quoting Hughes v. Pair, 46 Cal. 4th 1035, 1051 (2009)).

Here, the allegations against Defendants, as outlined above, fail to show outrageous conduct, an intent to cause suffering, or severe emotional distress.[2] (Dkt. 6 at 6.) Accordingly, Plaintiff's IIED claim in the FAC is dismissed, with leave to amend.

### G. **Plaintiff Has Not Fully Exhausted Her Administrative Remedies Under Title VII of the Civil Rights Act.**

Plaintiff appears to be alleging employment discrimination based on race, color, religion, sex, or national origin pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dkt. 6 at 3, 11.)

Title VII was amended in 1972 by the EEOC in order to "create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown v. Gen. Servs. Admin., 425 U.S. 820, 825, 829 (1976). Under this specific Title VII statutory scheme, "an aggrieved employee

---

[2] The Court need not address whether the FAC satisfies the California Government Claims Act ("CGCA") claims presentation requirement for this emotional distress claim, which is questionable at best, because Defendants' acts as alleged simply do not qualify as "intentional infliction of emotional distress." See Cal. Gov't Code § 945.4; Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001).

[could] file a civil action in a federal district court to review [her] claim of employment discrimination" only after seeking "relief in the agency that has allegedly discriminated against [her]." Id. at 832; see also Ferrell v. Dejoy, 2022 WL 1082571, at *8 (E.D. Cal. Apr. 11, 2022); Agbaosi v. Garland, 2022 WL 677581, at *13 (C.D. Cal. Jan. 28, 2022).

As relevant to Defendants Gonzalez, Green, and Wilridge, the Court notes that Title VII does not provide a cause of action for damages against supervisors or fellow employees. Chacon v. Hous. Auth. of Cty. of Merced, 2011 WL 2621313, at *3 (E.D. Cal. June 29, 2011). The Ninth Circuit has consistently held that non-employer individuals cannot be held personally liable under Title VII. See Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) (affirming the district court's grant of summary judgment in favor of an individual defendant because "[w]e have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees"); Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee.").

To establish subject-matter jurisdiction over a Title VII claim, a plaintiff must exhaust his or her administrative remedies. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994)). "Under Title VII, a plaintiff must exhaust [her] administrative remedies by filing a timely charge with the [EEOC], or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." Id. (citing 42 U.S.C. § 2000e-5(b)); see also Kraus v. Presidio Trust Facilities Div. Residential Mgmt. Branch, 572 F.3d 1039, 1042-43 (9th Cir. 2009). "The administrative charge requirement serves the important purpose of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." B.K.B., 276 F.3d at 1099 (citation, internal quotation marks, and alteration omitted). Substantial

1  compliance with the administrative exhaustion process is a jurisdictional
2  prerequisite to the filing of a civil action against that employer under federal
3  law.  See Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001) (case
4  involving Title VII claim).  The scope of the claims presented to the EEOC by way
5  of formal charge determines the permissible scope of the claims that may be
6  presented in the district court.  Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003).
7         A plaintiff must file an administrative claim with the EEOC against the
8  employer within 180 days after the alleged unlawful employment practice occurred.
9  See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42
10 U.S.C. § 2000e-5(e)(1)).  Title VII provides that within 90 days after the issuance of
11 a right-to-sue notice, "a civil action may be brought against the respondent named in
12 the charge."  42 U.S.C. § 2000e-5(f)(1); Surrell, 518 F.3d at 1104.
13        Here, Plaintiff again does not allege that she has exhausted her administrative
14 remedies.  Plaintiff attaches two documents in the FAC:  (1) a printout form entitled,
15 "CP Enclosure with EEOC Form 5 (11/09)" and (2) a December 21, 2022, letter
16 from the Department of Fair Employment & Housing ("DFEH" or "DFEH Letter").
17 (Dkt. 6 at 3, 11.)  In the DFEH Letter, Plaintiff is advised that her complaint has
18 been dual filed with the DFEH by the EEOC.  (Id. at 11.)  Plaintiff is also advised
19 that the letter serves as Plaintiff's "Right to Sue" notice, allowing Plaintiff to file a
20 private lawsuit in California superior court within one year from the date of the
21 notice.  (Id.)  Although the documents indicate that Plaintiff has engaged in the
22 complaint process through the EEOC, she does not describe the filing or substance
23 of any underlying EEOC discrimination charge and she does not attach a proper
24 right to sue letter indicating the permissible scope of claims that this Court may
25 hear.  (Id.)  In the absence of these information, the Court cannot determine whether
26 Plaintiff has exhausted her administrative remedies as to the conduct alleged in the
27 FAC, and whether it has jurisdiction to proceed with the case under Title VII.
28        If Plaintiff has filed a charge with the EEOC against Defendants and

sufficiently allege exhaustion of administrative remedies, Plaintiff "must allege the facts relevant to that charge, including: (1) the alleged violation(s); (2) when the charge was filed; and (3) who it was against. The charge itself should be attached as an exhibit if possible." Ferrell, 2022 WL 1082571, at *10-11 (citations omitted). "A description of the charge to the EEOC and a copy of the right-to-sue notice are necessary to provide the Court with jurisdiction to hear Plaintiff's claims and the scope of its review." Id. at *11 (citing Leong, 347 F.3d at 1122). Accordingly, any Title VII claims are dismissed with leave to amend.

### H.   Plaintiff Cannot Obtain Punitive Damages Against DPSS.

As the Court previously advised, Plaintiff may not recover punitive damages against a public entity such as the County sued in their official capacities. See Cty. of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Ruvalcaba v. Cty. of Los Angeles, 167 F.3d 514, 524 (9th Cir.), cert. denied, 528 U.S. 1003 (1999). Accordingly, this request for relief must be dismissed.

### IV.
### ORDER

The FAC is dismissed with leave to amend. On or before **December 31, 2023**, Plaintiff shall file a Second Amended Complaint ("SAC") that attempts to remedy the identified defects. If Plaintiff chooses to file a SAC, it should bear the docket number assigned to this case (2:23-cv-08756-JFW-AJR), be labeled "Second Amended Complaint," and be complete and of itself without reference in any manner to the two previous complaints or any other documents (except any documents that Plaintiff chooses to attach to the SAC as exhibits). Plaintiff is encouraged to state her claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant. Should Plaintiff decide to file a SAC, she is encouraged to utilize the form complaint attached to this Order.

**Plaintiff is explicitly cautioned that failure to timely file a SAC, or failure to correct the deficiencies described above, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Plaintiff is further advised that if she no longer wishes to pursue this action or any particular defendant, she may voluntarily dismiss the action or certain defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  <u>A form Notice of Dismissal is attached for Plaintiff's convenience</u>.  If Plaintiff utilizes the Notice of Dismissal, she is instructed to clearly state whether she is dismissing the entire action or only certain claims or certain defendants.

IT IS SO ORDERED.

DATED:   12/1/23

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c). Pro Se 15, Civil Rights Complaint Pursuant to U.S.C. § 1983, <u>available at</u>, https://www.uscourts.gov/sites/default/files/complaint_for_a_civil_case.pdf